LINK AND WIFE, Appellants, *vs.* EDMONDSON, Respondent.

1. A. before his marriage, conveyed certain land to B., in fee, in trust to such use or uses, and to such person as A., in his life-time, should, by deed or will appoint, and in default of and until such appointment, to the use of A. and his heirs in fee. A., by his last will, devised all his real estate to his children by a former marriage. *Held,* A.'s widow was entitled to dower in the land first named, his will being regarded as a devise of his interest, and not as an execution of the power of appointment.

### *Appeal from St. Louis Circuit Court.*

*John R. Shepley,* for appellant. I. The deed of the husband to Miron Leslie vested no title in Leslie, as the statute executed the use, and the title passed to Edmondson. Cornish on Uses, 21, 27. Lewin on Trusts, 102. See *Lorham* v. *Daniels,* 23 Vermont, 610. II. Whether the statute executed the use or not, yet, by our statute in relation to dower, the widow is endowed of the lands whereof the husband, *or any person for his use,* was seized of an estate of inheritance, at any time during marriage. R. C. 1845, p. 430, sec. 1 of act concerning dower. *Yeo* v. *Mercier,* 3 Harrison, 387. 1 B. Monroe, 88. III. But even if an estate did pass to Leslie, and the widow would not be dowable in the real estate, if the power of appointment had been exercised, yet the will of Edmondson does not operate as an appointment. 1. The fact that he owned other real estate, and that the devise is of *all his real estate,* shows clearly that he intended it as a devise, and not as an execution of the power of appointment. 2. Where it is doubtful whether an appointment or a devise is intended, the law will presume that it was the latter. Lewin on Trusts, 103. 2 Clancy on Powers, 71, 72.

*T. T. Gantt,* for respondent. 1. The deed executed on the 17th February, 1846, was a good creation of a power of appointment. 2. The will of B. B. Edmondson was a good execution of the power. 3. The appointment made by the will had relation to the execution of the deed, and defeated all in-

termediate incumbrances. Watkins on Conveyancing, p. 47, (18 Law Lib. 16.) 4 Kent's Comm. 325 et seq.

Scott, Judge, delivered the opinion of the court.

This is a suit for dower, begun by Nancy Link, formerly Nancy Edmondson, the wife of Benjamin B. Edmondson, who died seized of the lands in suit in St. Louis county.

Benjamin B. Edmondson, in 1846, prior to his marriage with the plaintiff, conveyed the lands in which dower is sought to be recovered, to Miron Leslie, his heirs and assigns, to have and to hold, in trust, to such use or uses and to such person as the said B. B. Edmondson, in his life-time, should, by deed or last will and testament appoint, and in default of, and until such appointment, to the use of the said Benjamin B. Edmondson and his heirs, in fee. On the back of this conveyance, Nancy Link, the plaintiff, made an acknowledgment in writing, that the same was made with her full knowledge and consent, and that its object and contents were fully understood by her. This was done prior to her marriage with Edmondson. B. B. Edmondson, by his last will and testament, devised all his real estate, in Missouri, to his children by a former wife. He had other real estate than that conveyed to Leslie, as above stated. In the will, no reference whatever is made to the power of appointment reserved to the testator, in the deed to Leslie.

On these facts, the question is, whether Nancy Link, formerly the wife of B. B. Edmondson, is entitled to dower.

1. It seems that the conveyancer, who prepared the deed to Leslie, adopted one of the modes practiced in England, in order to bar the widow of her dower. Watkins on Con. 47. It did not occur to him that, by the law of England, a wife could not be endowed of a trust or equitable estate at the time that device was adopted, (though it is not so ncw,) while, in Missouri, it is otherwise. All the authorities are clear to the point that the conveyance of the legal estate to Leslie, to such uses as the grantor should appoint, created in the mean time, an equitable estate in fee in the grantor. If a man, seized of

lands in fee, make a feoffment to the use of such persons as he shall, by his will, appoint, by operation of law, the use vests in the feoffor, and he is seized of a qualified fee, till limitation is made of his power. *Clere's case*, 6 Coke. This is undoubted law. By our statute, a widow is dowable of all lands whereof another was seized, to the use of the husband during coverture. It is well settled that an ante-nuptial contract of the wife not to claim dower, is void. The claim to dower can only be barred in the mode pointed out by the statute regulating jointure. Can the husband, under our law, which gives dower in a trust estate, defeat a claim to dower by the contrivance employed in this instance? That the wife was informed of the conveyance to Leslie, only repels the imputation of fraud, and can impart no more validity to the act than if she was ignorant of it. The fact would only be of importance, in the event of an attempt to impeach the instrument as a fraud on her marital rights.

Without undertaking to settle the question proposed, we may safely place the determination of this case on the principle established by *Clere's case*, above cited, which is adhered to as law at this day. When a man makes a feoffment to such uses as he shall appoint, he has the use in the mean time. Thus, in the same estate, he has a power of appointment and an equitable interest. Now it is a rule of law that, "if an act will work two ways, the one by an interest, the other by an authority or power, and the act be indifferent, the law will attribute it to the interest and not to the authority; for *fictio cedit veritati*. Hob. 159.

Now, in this instance, as Edmondson, the grantor, by his will, devises his real estate itself, as its owner, without any reference to his authority, it must pass by the will, for the testator had an estate devisable in him, and power also to limit an use; he had an election to pursue which of them he would, and when he devised the real estate itself, without any reference to his authority or power, he declared his intent to devise an estate, as owner of the land, by his will, and not to limit an use

according to his authority. Thus this case so much resembles that of *Clere*, that it will be seen that the same language is applicable to each of them. *Clere's case*, 6 Coke. 4 Kent, 334–5. There being no execution of the power, the land passed by the will itself, and not by virtue of the execution of the power; consequently, there could be no relation back to the instrument creating it, so as to defeat the wife's right of dower.

The other judges concurring, the judgment will be reversed, and the cause remanded.